UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK ANDREW SMITH, JR.,

                Plaintiff,

v.

LUNA PIER POLICE DEPARTMENT, LUNA PIER
MAYOR DAVE DAVISON, Volunteer Luna Pier Fire
Department DERRICK WELTON, Volunteer Luna
Pier Fire Department RICK LEICHTY, Luna Pier
Police Chief TIM AIMS, Erie Township Police
PARKER GUTSCHOW, Monroe County Jail
Superintendent DALE MALONE, Luna Pier Police
Officer DREW WEILER, Jail Operations MAJOR
TROY GOODNOUGH,

                Defendants.
_____/

Case No. 20-12013
Honorable Mark A. Goldsmith
Magistrate Judge David R. Grand

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS LEICHTY'S MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (ECF No. 20)**

*Pro se* Plaintiff Patrick Andrew Smith Jr. commenced this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), alleging violations of his rights by various members and institutions of Luna Pier, Monroe County, and Erie Township. (ECF No. 1) Smith's complaint arises out of a police interaction at his house following a domestic incident between Smith and his wife. One of the many defendants, Defendant Rick Leichty, has brought a motion to dismiss for failure to state a claim upon which relief can be granted, asserting that Smith's slander claim against him is barred by the applicable one-year statute of limitations. (ECF No. 20) Smith filed a response (ECF No. 28[1]), and Leichty did not file a reply. Having reviewed the

---

[1] The docket indicates that Smith filed two other papers in response to Leichty's motion to dismiss – ECF Nos. 25 and 26. However, those filings are actually Smith's responses to other defendants'

complaint and the parties' motion papers, the Court finds a hearing is unnecessary.

## I. RECOMMENDATION

For the following reasons, the Court **RECOMMENDS GRANTING** Defendant Leichty's motion to dismiss **(ECF No. 20).**

## II. REPORT

### A. Background

The events in question began on July 22, 2018. (ECF No. 1) Smith alleges that he was "improperly accused of domestic abuse." (*Id*. at PageID.13.) This allegedly cascaded into a series of abuses by multiple law enforcement personnel, however given the limited nature of Leichty's instant motion, the Court will focus on the alleged facts surrounding Smith's claims against him.

According to Smith, he and his wife Jennifer Smith had a "marital disagreement," during which Mr. Smith punched a mirror, and at some point, threw a dresser drawer, accidently striking his wife with its contents. (*Id*. at PageID.13,16.) In the aftermath of the "marital disagreement" Mr. Smith instructed his nephew Gary Herin to "call 911 for medical for Jennifer Smith," at which point Mr. Smith left the house to treat his own injuries. (*Id*. at PageID.13.) Defendant Officer Drew Weiler arrived at the Smith residence to respond to the situation. (*Id*. at PageID.16.)

Shortly thereafter, Mr. Smith was "pulled over by the ERIE Police" (Defendant Officer Gutschow) and was detained until Defendant Officer Weiler arrived on scene. (*Id*. at PageID.14-15.) According to bodycam footage, Officer Weiler had a conversation with Defendant Rick Leichty, a Luna Pier volunteer firefighter. (*Id*. at PageID.13,17.) During said conversation, Leichty allegedly made several statements, including that Mr. Smith "has a past prison record," was "a cripple;" "would get froggy," "was about to get feisty;" and was "an idiot." (*Id*. at

---

answers to his complaint.

PageID.17.) Smith was brought to the Monroe County Jail, where he was allegedly denied his medication, medical care, and his "ambulatory assistive devices." (*Id*. at PageID.17-19.)

Smith's allegations against Defendant Leichty represent only a small portion of the claims asserted in this case. According to Smith, Defendant Leichty committed slander per se when he "imputed criminally culpability [*sic*] behavior to Mr. Smith." (*Id*. at PageID.21.)

Defendant Leichty's motion to dismiss is quite succinct. Leichty asserts that because the alleged slanderous statements were made on July 22, 2018, and Smith's complaint was filed on July 14, 2020, his slander claim is barred by Michigan's one-year statute of limitations applicable to such claims. (ECF No. 20 at PageID.284.)

In response, Smith pleads additional facts that were not present in his complaint and asserts that additional discovery is necessary. In particular, he alleges that "defendants repeated the defamatory statements concerning the plaintiffs at the City of Luna Pier City Council meetings, police reports, after 7/22/2019." (ECF No. 28 at PageID.379.) However, Smith does not allege any particular post-initial publication date on which Leichty allegedly repeated the statements in question. Thus, Smith advocates for access to the "schedule of the firehouse, the minutes of the firemen meetings, the depositions of Derrick Welton and Rick Leichty," so that he can determine whether the alleged defamatory statements were repeated after they were initially made. (*Id*. at PageID.379.) Further, Smith characterized Defendant Leichty's statements as demonstrating "deliberate indifference." (*Id*. at PageID.380.)[2]

Lastly in his response, Smith attempts to overcome the one-year statute of limitations by characterizing his claim as a "due process defamation" claim under the Fourteenth Amendment of

---

[2] Smith's response goes on to allege additional facts that relate to other Defendants not involved with the present motion. The Court need not address those allegations here as they are irrelevant to the issues raised in Leichty's instant motion.

the Constitution. (*Id*. at PageID.381.) Smith argues that because Defendant Leichty was a government official and/or employee when he made the alleged defamatory statements, this transforms his state law defamation claim into a "constitutional defamation, under § 1983" to which he claims a three-year statute of limitations applies. (*Id*. at PageID.382, 84.)

### B. Motion to Dismiss Standard

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiffs pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true. *Id*.; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City*

4

*of Girard Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

However, even if a plaintiff adequately lays out the substantive elements for a claim, a motion to dismiss may yet succeed. "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by [an affirmative defense], the complaint is subject to dismissal for failure to state a claim." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

    **C. Analysis**

        *i. Defamation Claim Elements*

To prevail on a defamation claim in the state of Michigan, a plaintiff must prove: "(1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting at least to negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication." *Mitan v. Campbell*, 474 Mich. 21, 24, 706 N.W.2d 420, 421 (2005) (internal quotes omitted). Further, "[u]nder M.C.L. § 600.2911(7), defamation of a private figure [such as Smith] requires a showing of negligence." *Compuware Corp. v. Moody's Invs. Servs., Inc.*, 371 F. Supp. 2d 898, 902 (E.D. Mich. 2005), *aff'd* 499 F.3d 520 (6th Cir. 2007) (citing *J & J Const. Co. v. Bricklayers and Allied Craftsmen, Local 1,* 468 Mich. 722, 664 N.W.2d 728 (2003)). *See also* M.C.L. § 600.2911(7) ("An action for libel or slander shall not be brought based upon a communication involving a private individual unless the defamatory falsehood concerns the private individual and was published negligently.").

"A communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Smith v. Anonymous Joint Enter.*, 793 N.W.2d 533, 540 (Mich. 2010). "Generally, 'words charging the commission of a crime are defamatory per se, and hence, injury to the reputation of the person defamed is presumed to the extent that the failure to prove damages is not a ground for dismissal.'" *Marks One Car Rental, Inc. v. Auto Club Grp. Ins. Co.*, 761 F. App'x 516, 522 (6th Cir. 2019) (quoting *Burden v. Elias Bros. Big Boy Rests.*, 613 N.W.2d 378, 381 (Mich. Ct. App. 2000)) (additional citations omitted). However, defamation per se does not encompass words imputing every crime or criminal offense. *See Marks One Car Rental*, 761 F. App'x at 525. Rather, "words charging an individual with a crime only constitute defamation per se if the crime involves moral turpitude or would subject the person to an infamous punishment." *Lakin v. Rund*, 896 N.W.2d 76, 81 (Mich. Ct. App. 2016). A plaintiff alleging defamation must plead the claim "with specificity by identifying the exact language that the plaintiff alleges to be defamatory." *Thomas M. Cooley Law Sch. v. Doe*, 833 N.W.2d 331, 341 (Mich. Ct. App. 2013) (citing *Royal Palace Homes, Inc. v. Channel 7 of Detroit, Inc.*, 495 N.W.2d 392, 394 (Mich. Ct. App. 1992)). The plaintiff must specifically allege "'who published the defamatory statement, when it was published, and, most importantly, a plaintiff must identify the precise materially false statement published.'" *Ryniewicz v. Clarivate Analytics*, 803 F. App'x 858, 867 (6th Cir. 2020).

In addition to the foregoing requirements, a plaintiff must file his complaint asserting such a claim within the applicable statute of limitations prescribed by state law – here, one year. M.C.L. 600.5805(11). *Mitan v. Campbell*, 474 Mich. 21, 24 (2005) ("A defamation claim has a one-year statute of limitations period under MCL 600.5805(1) and [(11)]."). Further, a defamation claim accrues when "the wrong upon which the claim is based was done regardless of the time when

6

damage results." MCL 600.5827. *Tyler v. Findling*, No. 348231, 2020 WL 3120375, at *7 (Mich. Ct. App. June 11, 2020).

                *ii.*       *Smith's Defamation Claim is Barred by the One-Year Statute of Limitations*

In his complaint, Smith alleges that on July 22, 2018, Defendant Leichty made several defamatory statements about him to Defendant Weiler: (1) that Smith was a "cripple who would get feisty, I guarantee it;" and (2) that Smith "is nothing but he like to hit a little woman. He will get froggy with you (the officer)." (ECF No. 1 at PageID.15,17, 21-22.) At this stage of the case, the Court must accept these allegations as true, in terms of Smith's assertion that Leichty made them, though the Court need not accept Smith's legal conclusion that the statements constitute defamation. While the Court questions whether at least some of the alleged statements could constitute defamation, at a minimum, Smith has not alleged or otherwise demonstrated negligence by Defendant Leichty. Since adverse statements relating to a private individual do not rise to the level of defamation without negligence, *see J & J Const. Co.*, 468 Mich. at 735; M.C.L. § 600.2911(7), this alone is grounds for granting Leichty's instant motion.

Moreover, even assuming the statements could otherwise be defamatory, given that they were allegedly made on July 22, 2018, and that Smith did not file his complaint until July 14, 2020, his defamation claim is barred by Michigan's one-year statute of limitations, which began to run when the statements were allegedly made. M.C.L. 600.5827; *Tyler*, 2020 WL 3120375, at *7.

Smith makes no arguments to justify tolling his claim. Instead, in his response, Smith asserted, for the first time, that the defamation is ongoing, and therefore he is within the statute of limitations. (ECF No. 28 at PageID.379.) Smith further suggests that discovery is required to prove that the defamation is ongoing. *Id.* These arguments do not entitle Smith to any relief with respect to Leichty's instant motion. Ongoing defamation was not pled in Smith's complaint. As a general rule, a court considering a motion to dismiss "must focus only on the allegations in the

7

pleadings." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). This does not include plaintiffs' responses to a motion to dismiss. *Id.* "If plaintiffs believe they need to supplement their complaint with additional facts to withstand [a motion to dismiss] ... they have a readily available tool: a motion to amend the complaint under Rule 15." *Id.* They cannot "amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." *Id.* Therefore, the new allegations in Smith's response brief cannot save his present defamation claim.

Even if the Court considered those new allegations, it would reach the same conclusion. Smith never provides a specific date when he claims Leichty re-published any of the otherwise time-barred statements. Rather, in his response brief, Smith merely asserts, in vague and conclusory fashion, "The defendants repeated the defamatory statements concerning the plaintiffs [sic] at the City of Luna Pier City Council meetings, police reports, after 7/22/2019." (ECF No. 28, PageID.379.) He also alleges that it is "customary for police officers, particularly those officers in small towns such as Luna Pier . . . to repeat past stories from the field." (*Id.*) These allegations clearly do not contain the requisite factual details to meet the pleading requirements for a defamation claim discussed above. *See supra* at 5-6; *Ryniewicz*, 803 F. App'x at 867.[3]

Nor can Smith overcome Leichty's motion simply by characterizing his state law defamation claim as a "due process defamation" claim or as "deliberate indifference," which he

---

[3] Smith suggests that he should be allowed to conduct discovery, including by obtaining certain meeting minutes and transcripts, to determine whether Leichty repeated the alleged defamatory statements. (ECF No. 28, PageID.381.) But that suggestion misconstrues Smith's pleading obligations. The law is clear that a party cannot take discovery related to a claim that is not pled with the requisite factual detail in the hopes of finding evidence to support it. *See Thabata v. Green Tree Servicing LLC*, No. CV 14-13104, 2016 WL 2893014, at *2 (E.D. Mich. May 18, 2016) ("a party cannot use the discovery process to obtain the facts needed to support its claim after filing suit").

seems to do in order to support applying the three-year statute of limitations typically associated with § 1983 claims. (ECF No. 28 at PageID.380-83) The labels Smith attaches to his claim are irrelevant to the salient question of whether he pled sufficient "factual matter" to state a claim, and they do not turn his state law defamation claim into a constitutional one. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *Howard*, 346 F. App'x at 51. Indeed, Smith has not alleged any facts that would take his defamation claim outside the realm of the standard elements discussed above. *Cf. Doe v. Mich. Dep't of State Police*, 490 F.3d 491, 501–02 (6th Cir. 2007) ("A successful plaintiff [in a stigma-plus claim] must therefore show that the state's action both damaged his or her reputation (the stigma) and that it 'deprived [him or her] of a right previously held under state law' (the plus)."). On the contrary, Smith's complaint simply asserts that as a result of the alleged defamatory statements, his "esteem" was lowered in the Luna Pier community. (ECF No. 1, PageID.22.) His complaint contains no allegations tying the alleged defamation to the loss of any other right held under state law. *Id.*

And, although Smith seems to attempt to allege in his response brief that the defamatory statements resulted in his incarceration, he provides no facts, and only speculation and conclusory assertions that that is the case. (ECF No. 28, PageID.378, 381-82.) Specifically, Smith contends, "It was foreseeable that Drew Weiler['s] reliance on Rick Leichty's false statements would be the actual and proximate cause of Officer Drew Weiler forming an improper presumption and unfair prejudice against Mr. Smith." (*Id.*, PageID.378.) Moreover, Smith's own complaint dooms his contention. Smith clearly alleged that the defamatory statements were made *after* Weiler was already on the scene responding to the incident between Smith and his wife, and *after* Weiler had supposedly "turned a disagreement between [] Mr. Smith and his wife [] into a 'domestic.'" (ECF No. 1, PageID.16-17) (alleging, "At **20:19** on the bodycam, Luna Pier Police Officer Drew Weiler

9

turned a marital agreement into a 'Domestic Assault'" and "**At 20:48:49** Luna Pier's bodycam shows Rick Leichty published [the alleged defamatory] statements to officer Drew Weiler . . .") (emphasis added.)

Finally, "deliberate indifference" merely refers to the defendant's state of mind, and Leichty's state of mind in making the alleged statements has no bearing on the above statute of limitations analysis.

For all of these reasons, Smith has failed to allege a defamation claim against Defendant Leichty upon which relief can be granted.

### D. Conclusion

For the reasons set forth above, the Court **RECOMMENDS** that Defendant Leichty's Motion to Dismiss for Failure to State a Claim **(ECF No. 20)** be **GRANTED.**[4]

Dated: April 28, 2021  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections

---

[4] Although Leichty asks the Court to dismiss Smith's complaint against him "in its entirety" (ECF No. 20, PageID.279), Leichty's instant motion did not address the "private nuisance" claim Smith brought against him (ECF No. 1, PageID.27.) However, all of the defendants in this case (including Leichty) recently filed a motion for summary judgment that addresses that claim. (ECF No. 30.) The Court will consider Smith's private nuisance claim against Leichty when it issues a Report and Recommendation on that motion. Accordingly, while all of Smith's claims against Leichty specifically addressed herein should be dismissed, this Report and Recommendation does not resolve Smith's private nuisance claim against Leichty.

constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 28, 2021.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
